*In re* ÁNGEL L. SITIRICHE TORRES.

*Número:* TS-7837      *Resuelto:* 26 de marzo de 2015

*Geisa M. Marrero Martínez*, en informe.

PER CURIAM: Una vez más nos vemos obligados a suspender a un abogado por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC). A su vez, aprovechamos para orientar a la clase togada sobre los múltiples mecanismos que existen para lograr el cumplimiento de las exigencias del PEJC, de manera que sirva de guía para evitar que este Tribunal los suspenda por incumplimiento con los requisitos del Programa.

I

El Lcdo. Ángel L. Sitiriche Torres fue admitido al ejercicio de la abogacía el 28 de diciembre de 1983. En el 2003, este nos notificó que se mudó al estado de Texas porque fue activado en el servicio militar. El 13 de marzo de 2009, el abogado informó su nueva dirección en el mismo estado.

El 10 de octubre de 2014, la Directora del PEJC presentó ante este Foro un Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua en el que notificó que el licenciado Sitiriche Torres no cumplió con los créditos de educación jurídica continua para el período del 1 de agosto de 2007 al 31 de julio de 2009.(1) Surge del Informe que el 3 de septiembre de 2009 el PEJC envió al abogado un Aviso de Incumplimiento mediante el cual le concedió un término de 60 días para que tomara los créditos que adeudaba. Dos años más tarde, ante la ausencia de una respuesta, el PEJC cursó al licenciado Sitiriche Torres una citación para una vista informal. A pesar de que la carta se envió a la dirección del abogado que surgía del Registro Único de Abogados y Abogadas de Puerto Rico (RUA), el Servicio de Correo la devolvió. Por esta razón, el PEJC reenvió la citación, esta vez a la dirección de correo electrónico del letrado que surgía del RUA. Sin embargo, el abogado no contestó ni compareció a la vista.

En consideración a las recomendaciones formuladas en el Informe, el 31 de octubre de 2014 emitimos una resolución en la que concedimos 20 días al licenciado Sitiriche Torres para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Al día de hoy el abogado no ha contestado.

## II

Con el propósito de asegurar que los abogados provean una representación legal adecuada a sus clientes, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, impone a los profesionales del Derecho la obligación de "realizar esfuerzos para lograr y mantener un alto grado de

---

(1) En su Informe, el Programa de Educación Jurídica Continua (PEJC) nos indicó que el Lcdo. Ángel L. Sitiriche Torres también incumplió los períodos del 1 de agosto de 2009 hasta el 31 de julio de 2011 y del 1 de agosto de 2011 hasta el 31 de julio de 2013, pero añadió que el licenciado no fue citado a vista para dichos períodos.

excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional [...]". A tenor con lo anterior, quienes están admitidos al ejercicio de la abogacía tienen el deber de cumplir con los requisitos de educación jurídica continua, a menos que les cobije alguna de las excepciones provistas por ley o reglamento.[2]

El Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E, exige que los abogados presenten ante la Junta de Educación Jurídica Continua (Junta) un Informe de Cumplimiento que evidencie que completaron un mínimo de 24 horas crédito para cada período de 2 años de duración.[3] El informe deberá presentarse no más tarde de los 30 días siguientes al vencimiento del período en cuestión y se completará en todos los casos, aun en los que el abogado esté excluido o exento de los requisitos del Programa.[4]

Nuestro ordenamiento jurídico provee varios mecanismos alternos para lograr el cumplimiento de los requisitos del PEJC con el propósito de prevenir que se sancione disciplinariamente a los abogados por incumplir con el Programa. En primer lugar, el Reglamento permite que el abogado solicite ante la Junta una *"exoneración o diferimiento de la educación jurídica continua, por razones de justa causa* [...]". (Énfasis suplido).[5] Entre las razones que podrían considerarse justa causa se encuentra "la situación de los abogados y las abogadas que ejercen en jurisdicciones de Estados Unidos, que tienen establecida junta o entidad equivalente acreditadora de la educación jurídica continua obligatoria y cumplen con su programa", así como alguna

---

[2] *In re Grau Collazo*, 185 DPR 938, 943 (2012).

[3] Regla 28 del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E.

[4] Íd.

[5] Regla 4(C)(3)(d) del Reglamento, 4 LPRA Ap. XVII-E.

enfermedad o situación especial.([6]) Ahora bien, hemos resuelto que a un abogado que informa al PEJC su condición de salud, pero que no completa una Solicitud de Relevo o Exoneración de Cumplimiento ante la Junta, este Tribunal no lo eximirá de cumplir con los requisitos de educación jurídica continua.([7])

Es de vital importancia señalar que las solicitudes de exoneración, diferimiento y acreditación, junto con la documentación requerida, deberán presentarse oportunamente ante la Junta y no en este Foro.([8]) Todas las peticiones se evaluarán caso a caso en consideración a las circunstancias especiales que las motivaron y en atención al tiempo trascurrido desde que se originó la circunstancia hasta el momento cuando se presentó la solicitud.([9])

La segunda opción consiste en el reconocimiento por parte del PEJC de ciertas actividades realizadas por el abogado. De modo específico, la Junta evaluará una solicitud de convalidación, relevo o exención cuando el abogado acredite la existencia de alguna de las instancias siguientes: (1) los "profesionales del Derecho que participen como recursos en la educación jurídica continua recibirán acreditación por esta función"; (2) los abogados que publiquen "libros de contenido jurídico y artículos en revistas" recibirán la convalidación de créditos; (3) los letrados que hayan completado estudios de maestría y doctorado en Derecho quedarán relevados por un período de 2 o 4 años, contados a partir de la fecha de obtención del grado; (4) los profesionales designados a ciertas comisiones, juntas y comités adscritos al Tribunal Supremo estarán relevados mientras

---

([6]) Historial, Regla 4 del Reglamento, *supra*. Véanse: *In re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555, 562 (2005); *In re Grau Collazo*, 185 DPR 938, 940 (2012).

([7]) *In re Grau Collazo*, supra.

([8]) Regla 24 del Reglamento, *supra*.

([9]) Véase Resolución Núm. 2007-3 del PEJC, Mecanismos Alternos de cumplimiento, Reglas 33, 34 y 35 del Reglamento de 2005 y Regla 7 del Reglamento de 1998.

dure su designación, y (5) los jueces del Tribunal General de Justicia de Puerto Rico, los exjueces del Tribunal Supremo de Puerto Rico, "[l]os jueces y las juezas de la Corte Federal para el Distrito de Puerto Rico, de la Corte de Quiebras, y los magistrados y magistradas federales", así como los profesores de Derecho, quedan excluidos de las disposiciones del Reglamento.[10]

La tercera opción dispuesta en el Reglamento permite que el abogado solicite la aprobación o acreditación de los cursos que no estaban previamente autorizados por la Junta.[11] Este remedio permite que el letrado pueda tomar cursos que se ofrezcan en otras jurisdicciones. En ocasiones, puede beneficiarse de ayudas económicas que brindan diversas instituciones. Ahora bien, el abogado no podrá descansar exclusivamente en informar a la Junta que tomó los créditos educativos, sino que deberá completar el procedimiento administrativo de aprobación o acreditación establecido en la Regla 11(B) del Reglamento del Programa de Educación Jurídica Continua (Reglamento del PEJC). Este requiere, entre otras cosas, proveer la descripción del curso y el número de horas tomadas. Si el letrado incumple con lo exigido, se entenderá que no ha cumplido con los requisitos del PEJC.[12]

■     Recientemente, este Tribunal adoptó un procedimiento uniforme para los letrados que interesan cambiar su estatus a "abogado inactivo" en el RUA.[13] Este proceso está disponible para los abogados no practicantes, los que practican en otra jurisdicción, los retirados y los que están incapacitados por enfermedad, y deberá solicitarse exclusi-

---

[10] Véanse: Reglas 33, 34, 35, 36 y 4(C) del Reglamento.

[11] Regla 11 del Reglamento, 4 LPRA Ap. XVII-E.

[12] *In re Luis Paisán*, 190 DPR 1 (2014). Véase Regla 11(B) del Reglamento, *supra*.

[13] Véase *In re R. 4 Prog. Educ. Jur. Cont.*, 183 DPR 48 (2011).

vamente al Tribunal Supremo de Puerto Rico.[14] La Solicitud de Cambio a Estatus de Abogado(a) Inactivo(a) está disponible en la Secretaría del Tribunal Supremo y deberá completarse y entregarse en la misma Corte.[15] Dicho documento establece claramente los requisitos y las consecuencias del cambio solicitado.

En particular, el formulario advierte que el abogado inactivo no podrá ejercer la profesión de la abogacía y la notaría en Puerto Rico hasta tanto esta Corte apruebe su reactivación. Por esta razón, el abogado quedará relevado de cumplir con los requisitos del PEJC para los períodos posteriores a la fecha cuando el Tribunal Supremo autorizó el cambio a inactivo.[16] Ahora bien, es importante aclarar que la solicitud de cambio de estatus requiere que el peticionario acredite que atendió previamente todos los requerimientos del PEJC. Una vez el abogado solicite la reactivación, tendrá que cumplir con los créditos de educación que disponga la Junta, asunto que dependerá —entre otras cosas— del tiempo que duró la inactividad.[17]

Como observamos, existen múltiples mecanismos alternos para evitar una suspensión de la práctica legal por incumplimiento con los requisitos de educación jurídica continua. A tales fines, resaltamos la importancia de que el abogado solicite oportunamente los remedios y cumpla con todos los requisitos administrativos, pues sancionaremos el incumplimiento con la suspensión inmediata del ejercicio de la abogacía y la notaría.[18]

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos

---

[14] Véase Formulario OAT 1639, Solicitud de Cambio a Estatus de Abogado(a) Inactivo(a) en el Registro Único de Abogados y Abogadas (Formulario de Cambio de Estatus).

[15] Íd.

[16] Íd.; Regla 4(C)(3)(b) del Reglamento, *supra.*

[17] Formulario de Cambio de Estatus.

[18] *Villamarzo García, Ex parte,* 190 DPR 443, 447 (2004); *In re Prado Rodríguez,* 190 DPR 361, 367 (2014).

los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el [RUA]". El mero incumplimiento con lo anterior también podrá conllevar la imposición de sanciones disciplinarias.[19] No olvidemos que cuando un letrado incumple con su deber de mantener al día su información de contacto obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[20]

## III

Hemos resuelto reiteradamente que los miembros de la profesión legal tienen la obligación de tomar cursos de educación jurídica continua como parte de su deber de ejercer adecuadamente su profesión. En esta ocasión, orientamos sobre los múltiples mecanismos alternos que están disponibles para aquellos abogados que se les dificulte cumplir con los créditos requeridos, así como otros remedios para los que no interesen continuar ejerciendo la profesión legal. A tono con nuestra función como foro regulador y fiscalizador de la profesión legal, advertimos que no condonaremos la dejadez de los abogados que pretenden ser eximidos de cumplir con los requisitos del PEJC en los casos en los que no presentaron una solicitud de exención, exoneración, diferimiento o acreditación siguiendo el cauce administrativo aplicable.

De la última dirección que el licenciado Sitiriche Torres nos proveyó surge que el abogado reside en el estado de Texas. Sin embargo, observamos que este no ha solicitado un cambio de estatus ante el Tribunal Supremo ni cumplió con los requisitos de educación jurídica continua para el período del 1 de agosto de 2007 al 31 de julio de 2009. Esto, a pesar de los múltiples mecanismos de cumplimiento que

---

[19] *In re Bryan Picó*, 192 DPR 246 (2015).

[20] *In re Toro Soto*, 181 DPR 654, 661 (2011).

provee nuestro ordenamiento jurídico. A su vez, el licenciado Sitiriche Torres no aprovechó el término de 60 días que la Junta le concedió para tomar los créditos adeudados, no contestó los requerimientos de este Tribunal ni mantuvo actualizados sus datos personales en RUA. Por tales razones nos vemos obligados a decretar su suspensión del ejercicio de la abogacía de forma inmediata e indefinida.

## IV

Por los fundamentos antes expuestos, *se ordena la suspensión inmediata e indefinida del Lcdo. Ángel L. Sitiriche Torres de la práctica de la abogacía. El licenciado Sitiriche Torres deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y les devolverá los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contados a partir de la notificación de la presente Opinión "Per Curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez no intervino.