*In re* MARIANELA JOVÉ GOTAY.

*Número:* TS-13278          *Resuelto:* 30 de marzo de 2015

*Geisa M. Marrero Martínez*, en informe.

PER CURIAM: Nuevamente nos vemos obligados a suspender a un miembro de la profesión legal por su incumplimiento con los requisitos del Programa de Educación Jurídica Continua (PEJC). A su vez, aprovechamos para reiterar las múltiples alternativas que tienen disponibles los abogados para prevenir que este Tribunal los suspenda por incumplimiento con las exigencias del PEJC.

## I

La Lcda. Marianela Jové Gotay fue admitida al ejercicio de la abogacía el 27 de junio de 2000. En el 2009, el PEJC envió a la abogada un Aviso de Incumplimiento mediante el cual le concedió 60 días para que tomara los cursos de educación jurídica continua que adeudaba a la fecha. Dos años más tarde, ante la ausencia de una respuesta, el PEJC cursó a la licenciada Jové Gotay una citación para una vista informal. La carta se envió al estado de New Jersey, a la dirección de la abogada que surgía del Registro Único de Abogados y Abogadas de Puerto Rico (RUA).([1]) Sin embargo, el Servicio Postal la devolvió.

El 10 de octubre de 2014, la Directora del PEJC presentó a este Tribunal un Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua, en el que notificó que la licenciada Jové Gotay no cumplió con los créditos de educación jurídica continua para el período del 1 de agosto de 2007 al 31 de julio de 2009.([2]) El 20 de octubre de 2014 emitimos una Resolución en la que concedimos 20 días a la licenciada Jové Gotay para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía. Al día de hoy la abogada no ha contestado.

## II

■ Con el propósito de asegurar que los abogados provean una representación legal adecuada a sus clientes, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, les impone la obligación de "realizar esfuerzos para lograr

---

([1]) La Lcda. Marianela Jové Gotay actualizó su dirección en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) en noviembre de 2011.

([2]) En su Informe, el Programa de Educación Jurídica Continua (PEJC) nos indicó que la licenciada Jové Gotay también incumplió durante los períodos del 1 de agosto de 2009 al 31 de julio de 2011 y del 1 de agosto de 2011 al 31 de julio de 2013, pero añadió que no se citó a la licenciada a vista para dichos períodos.

y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional [...]". A tenor con lo anterior, el Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E, exige que los abogados presenten ante la Junta de Educación Jurídica Continua (Junta) un Informe de Cumplimiento que evidencie que completaron un mínimo de 24 horas crédito para cada período de 2 años de duración.[3] El informe deberá presentarse no más tarde de los 30 días siguientes al vencimiento del período en cuestión y se completará en todos los casos, aun en los que el abogado esté excluido o exento de los requisitos del Programa.[4]

Recientemente, orientamos a la comunidad legal sobre los múltiples mecanismos alternos disponibles para aquellos abogados a quienes se les dificulte cumplir con los créditos requeridos, así como otros remedios disponibles para los que no interesen continuar ejerciendo la profesión legal.[5] En primer lugar, el Reglamento permite que el abogado solicite ante la Junta una *"exoneración o diferimiento de la educación jurídica continua, por razones de justa causa* [...]". (Énfasis nuestro).[6] Entre las razones que podrían considerarse justa causa se encuentra "la situación de los abogados y las abogadas que ejercen en jurisdicciones de Estados Unidos, que tienen establecida junta o entidad equivalente acreditadora de la educación jurídica continua obligatoria y cumplen con su programa", así como alguna enfermedad o situación especial.[7] Todas las peticiones se evaluarán caso a caso en consideración a

---

[3] Regla 28 del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento), 4 LPRA Ap. XVII-E.

[4] Íd.

[5] *In re Sitiriche Torres*, 192 DPR 777 (2015).

[6] Regla 4(C)(3)(d) del Reglamento.

[7] Historial, Regla 4 del Reglamento, *supra; In re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555, 562 (2005); *In re Grau Collazo*, 185 DPR 938, 940 (2012).

las circunstancias especiales que las motivaron y en atención al tiempo trascurrido desde que se originó la circunstancia hasta el momento cuando se presentó la solicitud.[8]

La segunda opción consiste en el reconocimiento por parte del PEJC de ciertas actividades realizadas por el abogado. En particular, la Junta evaluará una solicitud de convalidación, relevo o exención cuando el abogado acredite la existencia de alguna de las instancias siguientes: (1) los "profesionales del Derecho que participen como recursos en la educación jurídica continua recibirán acreditación por esta función"; (2) los abogados que publiquen "libros de contenido jurídico y artículos en revistas" recibirán la convalidación de créditos; (3) los letrados que hayan completado estudios de maestría y doctorado en Derecho quedarán relevados por un período de 2 o 4 años, contados a partir de la fecha de obtención del grado; (4) los profesionales designados a ciertas comisiones, juntas y comités adscritos al Tribunal Supremo estarán relevados mientras dure su designación, y (5) los jueces del Tribunal General de Justicia de Puerto Rico, los exjueces del Tribunal Supremo de Puerto Rico, "[l]os jueces y las juezas de la Corte Federal para el Distrito de Puerto Rico, de la Corte de Quiebras, y los magistrados y magistradas federales", así como los profesores de Derecho, quedan excluidos de las disposiciones del Reglamento.[9]

La tercera opción dispuesta en el Reglamento permite que el abogado solicite la aprobación o acreditación de los cursos que no estaban previamente autorizados por la Junta.[10] Este remedio permite que el letrado pueda tomar cursos que se ofrezcan en otras jurisdicciones. En ocasiones, puede beneficiarse de ayudas económicas que brindan diversas instituciones. Ahora bien, el abogado no podrá des-

---

[8] Véase Resolución Núm. 2007-3 del PEJC, Mecanismos Alternos de cumplimiento, Reglas 33, 34 y 35 del Reglamento de 2005 y Regla 7 del Reglamento de 1998.

[9] Véanse: Reglas 33, 34, 35, 36 y 4(C) del Reglamento.

[10] Regla 11 del Reglamento, 4 LPRA Ap. XVII-E.

cansar exclusivamente en informar a la Junta que tomó los créditos educativos, sino que deberá completar el procedimiento administrativo de aprobación o acreditación establecido en la Regla 11(B) del Reglamento del Programa de Educación Jurídica Continua. Este requiere, entre otras cosas, proveer la descripción del curso y el número de horas tomadas.[11] Si el letrado incumple con lo exigido, se entenderá que no ha cumplido con los requisitos del PEJC.[12]

■ Recientemente, este Tribunal adoptó un procedimiento uniforme para los letrados que interesan cambiar su estatus a "abogado inactivo" en RUA.[13] Este mecanismo está disponible para los abogados no practicantes, los que practican en otra jurisdicción, los retirados y los que están incapacitados por enfermedad. La Solicitud de Cambio a Estatus de Abogado (a) Inactivo (a) está disponible en la Secretaría del Tribunal Supremo y debe completarse y entregarse en la misma Corte.[14] Dicho documento establece claramente los requisitos y las consecuencias del cambio solicitado.

En particular, el formulario advierte que el abogado con estatus inactivo no podrá ejercer la profesión de la abogacía y la notaría en Puerto Rico hasta tanto solicite su reactivación y esta Corte apruebe su solicitud.[15] De este modo, el abogado quedará relevado de cumplir con los requisitos del PEJC para los períodos posteriores a la fecha cuando el Tribunal Supremo autorizó el cambio a inactivo.[16] Ahora bien, es importante aclarar que la solicitud de cambio de estatus requiere que el peticionario certifique y acredite que atendió previamente "todos los asuntos pertinentes

---

[11] Íd.; *In re Luis Paisán*, 190 DPR 1, 7 (2014).

[12] *In re Luis Paisán*, supra.

[13] Véase *In re R. 4 Prog. Educ. Jur. Cont.*, 183 DPR 48 (2011).

[14] Véase Formulario OAT 1639, Solicitud de Cambio a Estatus de Abogado(a) Inactivo(a) en el Registro Único de Abogados y Abogadas (Formulario de Cambio de Estatus).

[15] Íd.

[16] Íd.; Regla 4(C)(3)(b) del Reglamento.

ante el [PEJC]".[17] Asimismo, advertimos que el abogado que solicite la reactivación tendrá que cumplir con los créditos de educación que disponga la Junta, asunto que dependerá —entre otras cosas— del tiempo que duró la inactividad.[18]

Como observamos, existen múltiples mecanismos alternos para evitar una suspensión de la práctica legal por el incumplimiento con los requisitos de educación jurídica continua. A tales fines, resaltamos la importancia de que el abogado solicite oportunamente los remedios y cumpla con todos los requisitos administrativos, pues sancionaremos el incumplimiento con la suspensión inmediata del ejercicio de la abogacía y la notaría.[19]

Por otro lado, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el [RUA]". Hemos resuelto reiteradamente que el mero incumplimiento con lo anterior podrá conllevar la imposición de sanciones disciplinarias.[20] No olvidemos que cuando un letrado incumple con su deber de mantener al día su información de contacto obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[21]

## III

De la última dirección que aparece en RUA surge que la licenciada Jové Gotay reside en el estado de New Jersey. Hemos examinado el expediente y notamos que la letrada no solicitó un cambio de estatus ante el Tribunal Supremo,

---

[17] Formulario de Cambio de Estatus.

[18] Íd.

[19] *In re Sitiriche Torres*, supra; *Villamarzo García, Ex parte*, 190 DPR 443, 447 (2004); *In re Prado Rodríguez*, 190 DPR 361, 367 (2014).

[20] *In re Bryan Picó*, 192 DPR 246 (2015).

[21] *In re Toro Soto*, 181 DPR 654, 661 (2011).

no cumplió con los requisitos del PEJC para el período del 1 de agosto de 2007 al 31 de julio de 2009, no contestó los requerimientos de este Tribunal ni mantuvo actualizados sus datos personales en RUA. Por tales razones, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía de forma inmediata e indefinida.

## IV

Por los fundamentos expuestos, *se ordena la suspensión inmediata e indefinida de la Lcda. Marianela Jové Gotay de la práctica de la abogacía. La licenciada Jové Gotay deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y les devolverá los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente de resolución y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días, contados a partir de la notificación de la presente Opinión "Per Curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez no intervino.