*In re* DIANA M. PÉREZ PADÍN.

*Número:* TS-17,768          *Resuelto:* 18 de mayo de 2016

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías, en Informe.

PER CURIAM: En el ejercicio de nuestro poder disciplinario, nos corresponde ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN), desacatar las órdenes de este Tribunal y no mantener actualizados sus datos personales en el Registro Único de Abogados y Abogadas del Tribunal Supremo (RUA).

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer medidas disciplinarias a la abogada de epígrafe.

I

La Lcda. Diana M. Pérez Padín (licenciada Pérez Padín) fue admitida al ejercicio de la abogacía el 9 de febrero de 2010 y juramentó como notario el 14 de enero de 2011.

El 8 de mayo de 2015, el Lcdo. Manuel E. Ávila de Jesús, Director de ODIN, compareció ante nos mediante el

Informe Especial sobre Incumplimiento de la Ley Notarial Puerto Rico y su Reglamento y en Solicitud de Remedios (Informe). En éste indicó que la licenciada Pérez Padín ha incurrido en múltiples omisiones de sus obligaciones como notario y ha incumplido con varios requerimientos realizados por ODIN.

En específico, la licenciada Pérez Padín ha incumplido con su obligación de remitir a ODIN, en los términos dispuestos en el ordenamiento notarial, sus índices de actividad notarial correspondientes a diciembre de 2013 y enero a octubre de 2014.

Además, ODIN señaló que la licenciada Pérez Padín no había presentado el Informe Estadístico de Actividad Notarial Anual para el año natural de 2013. Por otro lado, ODIN informa que del expediente que custodian en sus oficinas no surge que la fianza notarial de la licenciada Pérez Padín esté vigente.

A pesar de que se le advirtió de la gravedad de esta conducta y se le concedieron múltiples oportunidades para rendir todos los documentos adeudados, la abogada no contestó los requerimientos de ODIN.

Como situación agravante, cabe señalar que no está actualizada la información que consta en RUA y en ODIN. La misiva con fecha de 10 de diciembre de 2014, en la que se le concedió un término para cumplir con los requerimientos de ODIN, fue devuelta el 15 de enero de 2015 por el Servicio de Correo Federal. De igual forma, resultó infructuosa la comunicación vía telefónica a través de los números que obran en RUA.

Conociendo que la licenciada Pérez Padín incumplió con los requisitos de ODIN, el 29 de mayo de 2015, este Tribunal emitió una Resolución y le ordenó que se expresara en torno al Informe. Además, se le apercibió de que su incumplimiento conllevaría sanciones disciplinarias severas que podrían incluir la suspensión del ejercicio de la abogacía.

A pesar de ello, la licenciada Pérez Padín incumplió con nuestra orden y no compareció. El 28 de julio de 2015, el Director de ODIN presentó una Moción Notificando Incum-

plimiento de Orden, en la que nos reiteró el incumplimiento por parte de la abogada de epígrafe.

En consecuencia, el 18 de marzo de 2016 este Tribunal emitió una Resolución en la que le ordenó a la letrada mostrar causa por la cual no deba ser suspendida de la abogacía por incumplir con las órdenes de ODIN, no mantener actualizado el RUA e incumplir con lo ordenado en nuestra Resolución de 29 de mayo de 2015. En esta ocasión, la licenciada Pérez Padín fue notificada personalmente. Nuevamente incumplió con nuestras órdenes.

## II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re De Jesús Román*, 192 DPR 799, 802 (2015); Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. Véanse, también: *In re Cepero Rivera et al.*, 193 DPR Ap. (2015); *In re López González et al.*, 193 DPR Ap. (2015).

Consecuentemente, nos hemos visto obligados a disciplinar a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re Rivera Trani*, 188 DPR 454, 460 (2013); *In re Guzmán Rodríguez*, 187 DPR 826, 829 (2013). Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re Cepero Rivera et al.*, supra; *In re López González et al.*, supra; *In re Rivera Trani*, supra, pág. 461; *In re Guzmán Rodríguez*, supra, pág. 829. Por lo tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re López González et al.*, supra; *In re Rivera Trani*, supra, pág. 461; *In re Guzmán Rodríguez*, supra, pág. 829.

■    Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, exige a los abogados mantener actualizados en el RUA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones. Véanse: *In re Cepero Rivera et al.*, supra; *In re López González et al.*, supra; *In re Rivera Trani*, supra, pág. 460. Es norma reiterada que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la abogada de epígrafe.

## III

Mediante el informe presentado ante este Tribunal, el Director de ODIN ha expuesto de forma detallada las gestiones realizadas para requerirle a la abogada de epígrafe que cumpla con los requisitos reglamentarios que hemos examinado. Lamentablemente, ésta ha desatendido en repetidas ocasiones sus requerimientos. En vista de ello, éste nos refirió el asunto para que ejerzamos nuestra facultad disciplinaria. De igual forma, la letrada ha observado un reiterado incumplimiento con nuestras órdenes.

De lo anterior, resulta claro que la abogada de epígrafe ha incumplido con los requisitos de ODIN y de este Tribunal y ha asumido una actitud despreocupada en cuanto a este asunto. De igual forma, ésta ha tomado livianamente nuestros requerimientos y, al día de hoy, no ha comparecido ante nos para cumplir con lo ordenado.

Por lo tanto, con su dejadez y desidia, esta abogada ha faltado a su deber de guardar el mayor respeto hacia este Tribunal. Ello, relegando su responsabilidad de regirse por el Código de Ética Profesional y satisfacer los requisitos

reglamentarios que se han establecido para garantizar el mejoramiento profesional y la diligencia de aquellos que ejercen la profesión jurídica. Como guardianes de nuestra jurisdicción disciplinaria, no podemos avalar este proceder.

## IV

Por los fundamentos expuestos, *decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Diana M. Pérez Padín. Como consecuencia, se le impone a la abogada el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contados a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*El Director de ODIN mantendrá incautada la obra y el sello notarial de la señora Pérez Padín, y la examinará para rendir el correspondiente informe a este Tribunal. En consecuencia, se le ordena a la señora Pérez Padín que presente los Índices Mensuales de Actividad Notarial y el Informe Estadístico Anual de Actividad Notarial adeudados. Además, se le ordena que presente evidencia acreditativa del pago de su Fianza Notarial hasta el presente y subsane cualquier otra deficiencia de su obra notarial. Notifíquese personalmente esta Opinión "per curiam" y Sentencia.*

*Se dictará Sentencia de conformidad.*