EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Marilia García-Rodríguez Pimentel | 2017 TSPR 128<br><br>198 DPR ____ |

Número del Caso: TS-10,685

Fecha: 29 de junio de 2017

Abogada de la parte promovida:

        Por Derecho Propio

Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez
        Director

Materia:  La suspensión será efectiva el 5 de julio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marilia García-Rodríguez        TS-10,685
Pimentel

PER CURIAM

San Juan, Puerto Rico, a 29 de junio de 2017.

Hoy nos corresponde ejercer nuevamente nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de una miembro de la profesión jurídica por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC o Programa) y por no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer las medidas disciplinarias a la abogada de epígrafe.

I

La Lcda. Marilia García-Rodríguez Pimentel (licenciada García-Rodríguez Pimentel) fue

admitida al ejercicio de la abogacía el 3 de enero de 1994 y prestó juramento como notaria el 16 de junio de 1994. El 7 de mayo de 2015, la Hon. Geisa M. Marrero Martínez, para aquel entonces Directora Ejecutiva del PEJC (Directoría del PEJC), compareció ante este Tribunal mediante *Informe sobre incumplimiento con requisito de educación jurídica continua* (Informe). En éste, señaló que la licenciada García-Rodríguez Pimentel no cumplió con los requisitos establecidos en el Reglamento del Programa de Educación Jurídica Continua, 164 DPR 555 (2005) (Reglamento del Programa), durante los periodos del 1 de junio de 2007 al 31 de mayo de 2009 y 1 de junio de 2009 al 31 de mayo de 2011. En vista de lo anterior, el PEJC le cursó a la abogada, el 13 de julio de 2009 y el 8 de septiembre de 2011, dos Avisos de Incumplimiento, otorgándole, entre otras alternativas, 60 días adicionales para tomar los cursos correspondientes a los periodos 2007-2009 y 2009-2011, respectivamente.

Transcurrido un tiempo razonable para completar los requisitos reglamentarios del periodo 2007-2009 y al no haberse dado el cumplimiento,[1] el 17 de mayo de 2011 el Programa le envió a la licenciada García-Rodríguez Pimentel una citación para una vista informal celebrada el 8 de junio de 2011. La licenciada compareció por escrito a la vista. En síntesis, adujo que es funcionaria de carrera en el

---

[1] La Lcda. Marilia García-Rodríguez Pimentel tampoco efectuó el pago de $50.00 por cumplimiento tardío para ninguno de los periodos antes señalados.

Consulado General de España en Puerto Rico y el volumen de trabajo le impidió cumplir, pues "el cónsul anterior no le daba permiso". Indicó, además, que ciertas condiciones de salud la obligaron a estar hospitalizada en el 2008 y que la recuperación fue paulatina.

El 26 de junio de 2012, el Programa le notificó a la licenciada García-Rodríguez Pimentel una comunicación mediante la cual se le concedió una prórroga final de 30 días para cumplir con el periodo 2007-2009. Del expediente de la licenciada García-Rodríguez Pimentel no surge respuesta a esta comunicación.

El 29 de enero de 2014, el Programa le notificó a la licenciada García-Rodríguez Pimentel la Determinación de la Directora Ejecutiva respecto a la vista celebrada por su incumplimiento con el periodo 2007-2009. En síntesis, se hizo un recuento procesal de su estatus con el Programa y se le concedió un último término de 30 días para cumplir con su primer periodo de cumplimiento (2007-2009). Además, se le advirtió que de continuar su incumplimiento con el periodo 2009-2011, podría ser citada a una vista informal.

Así las cosas, el 31 de enero de 2014 el Programa le envió a la licenciada García-Rodríguez Pimentel una citación para una vista informal celebrada el 27 de febrero de 2014 debido a su incumplimiento con el periodo 2009-2011. La licenciada no compareció a la vista informal. El 21 de agosto de 2014 el Programa le concedió un término de 30 días para subsanar la deficiencia de dicho periodo y le advirtió que

el incumplimiento con la prórroga antes descrita conllevaría que su caso fuese presentado ante la Junta de Educación Jurídica Continua (Junta).

Conforme a lo anterior, en consideración a que la licenciada García-Rodríguez Pimentel no cumplió con los requisitos reglamentarios de educación jurídica continua, habiéndose verificado que se le dio la oportunidad de ser oída y suficiente oportunidad para cumplir, la Directora recomendó a la Junta rendir un Informe al Tribunal Supremo. La Junta acogió la recomendación en la reunión celebrada el 25 de marzo de 2015 y encomendó a la Directora del Programa presentar un Informe al Pleno de este Tribunal.[2]

Por último, en su Informe, la Directora expresa su preocupación por la actitud pasiva que ha demostrado la licenciada García-Rodríguez Pimentel frente a los requisitos sobre educación jurídica continua establecidos por este Tribunal así como atender los múltiples requerimientos del Programa. Expresó que su tardanza en cumplir no solamente ha generado costos de recursos administrativos para el Programa relativos al proceso de incumplimiento, sino que también incide en el compromiso de mantener un alto grado de excelencia y competencia establecido en el Canon 2 de Ética Profesional, 4 LPRA Ap. IX, con el cual todo profesional del Derecho debe cumplir.

---

[2] A pesar de que la licenciada aún no ha sido citada a la vista informal dispuesta en la Regla 32 del Reglamento del Programa con relación al tercer periodo (1 de junio de 2011 al 31 de mayo de 2013), lo cierto es que ha incumplido con los requisitos reglamentarios para este periodo.

**II**

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones.[3] Este cuerpo legal impone a los miembros de la profesión jurídica la responsabilidad de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".[4] Por ello, todo abogado debe cumplir con los requisitos establecidos en el Reglamento del PEJC, *supra*.[5]

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que no atienden los requerimientos del PEJC e incumplen con las horas crédito de educación jurídica continua.[6] Ante ello, hemos manifestado reiteradamente que la desidia y la dejadez ante los requerimientos del PEJC no solo constituye un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional.[7]

---

[3] In re De Jesús Román, 192 DPR 799, 802 (2015).

[4] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. Véanse, también: In re Cepero Rivera *et al.*, 193 DPR Ap. (2015); In re López González *et al.*, 193 DPR Ap. (2015).

[5] Véase, además: In re Enmdas. R. Educ. Jur. Cont., 193 DPR 233 (2015).

[6] In re López González *et al.*, *supra*; In re Arroyo Acosta, 192 DPR 848, 852 (2015); In re Rivera Trani, 188 DPR 454, 459-460 (2013).

[7] In re Cepero Rivera *et al.*, *supra*.

De forma similar, hemos advertido a los miembros de la profesión jurídica que es su deber contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes.[8] Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica.[9] Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía.[10]

Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo exige a los abogados mantener actualizados en el Registro Único de Abogados (RUA) sus datos personales, entre estos la dirección seleccionada para recibir notificaciones.[11] Es norma reiterada que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar

---

[8] Íd.; In re Rivera Trani, *supra*, pág. 460; In re Guzmán Rodríguez, 187 DPR 826, 829 (2013).

[9] In re Cepero Rivera *et al.*, *supra*; In re López González *et al.*, *supra*; In re Arroyo Acosta, *supra*, pág. 852; In re De Jesús Román, *supra*, pág. 803; In re Rivera Trani, *supra*, pág. 461; In re Guzmán Rodríguez, *supra*, pág. 829.

[10] Véanse, además: In re López González *et al.*, *supra*; In re Arroyo Acosta, *supra*, pág. 852; In re De Jesús Román, *supra*, pág. 803; In re Rivera Trani, *supra*, pág. 461; In re Guzmán Rodríguez, *supra*, pág. 829.

[11] 4 LPRA Ap. XXI-B. Véanse: In re Cepero Rivera *et al.*, *supra*; *In re López González et al.*, *supra*; In re Rivera Trani, *supra*, pág. 460.

la suspensión inmediata e indefinida del ejercicio de la abogacía.[12]

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la abogada de epígrafe.

### III

La Directoría del PEJC ha expuesto de forma detallada las gestiones realizadas por el PEJC para requerirle a la abogada de epígrafe que cumpla con los requisitos reglamentarios que hemos examinado, mediante los informes presentados ante este Tribunal. No obstante, ésta ha desatendido en repetidas ocasiones sus requerimientos. Por ello, la Directoría del PEJC nos refirió el asunto para que ejerzamos nuestra facultad disciplinaria.

A pesar de haber concedido a esta abogada amplia oportunidad para que compareciera ante este Tribunal y acreditara su cumplimiento con los requisitos del PEJC, ésta no ha cumplido con lo requerido. En ese contexto, mediante resoluciones emitidas por este Tribunal el 21 de julio de 2015, 13 de octubre de 2015, 29 de abril de 2016, 16 de diciembre de 2016 y 28 de abril de 2017, le concedimos amplias oportunidades a la licenciada García-Rodríguez Pimentel para que cumpliera con lo requerido, sin éxito alguno.

---

[12] Íd. Véase, también, <u>In re Arroyo Acosta</u>, *supra*, pág. 852.

**IV**

En vista de todo lo anterior, y por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Marilia García-Rodríguez Pimentel. Como consecuencia, se le impone a ésta el deber de notificar de forma inmediata a todos sus clientes sobre su inhabilidad para continuar representándoles. De igual forma, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar de su suspensión inmediatamente a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra y el sello notarial de la licenciada García-Rodríguez Pimentel y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la licenciada García-Rodríguez Pimentel durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia a la Lcda. Marilia García-Rodríguez Pimentel.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marilia García-Rodríguez        TS-10,685
Pimentel

SENTENCIA

San Juan, Puerto Rico, a 29 de junio de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Marilia García-Rodríguez Pimentel. Como consecuencia, se le impone a ésta el deber de notificar de forma inmediata a todos sus clientes sobre su inhabilidad para continuar representándoles. De igual forma, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar de su suspensión inmediatamente a los foros judiciales y administrativos en los que tengan asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar inmediatamente la obra y el sello notarial de la licenciada García-Rodríguez Pimentel y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e

informe a este Tribunal. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por la licenciada García-Rodríguez Pimentel durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión Per Curiam y Sentencia a la Lcda. Marilia García-Rodríguez Pimentel.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                                    Juan Ernesto Dávila Rivera
                                    Secretario del Tribunal Supremo