EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2018 TSPR 59 |
|---|---|
| Esperanza Esteban Rodríguez | 200 DPR ____ |

Número del Caso: TS-7759

Fecha: 28 de marzo de 2018

Abogado de la promovida:

Por derecho propio.

Programa de Educación Jurídica Continua:

Lcdo. José Ignacio Campos Pérez
Director

Materia: Conducta Profesional – La suspensión será efectiva el 18 de abril de 2018, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Esperanza Esteban Rodríguez          TS-7759

PER CURIAM

San Juan, Puerto Rico, a 28 de marzo de 2018.

Una vez más, nos vemos obligados a suspender a un miembro de la profesión jurídica por incumplir los requerimientos de este Tribunal emitidos a través de uno de nuestros brazos operacionales y no mantener actualizados sus datos personales en el Registro Único de Abogados y Abogadas del Tribunal Supremo de Puerto Rico (RUA).

I

La Lcda. Esperanza Esteban Rodríguez (licenciada Esteban) fue admitida a la profesión de la abogacía el 28 de diciembre de 1983 y juramentó como notaria el 20 de septiembre de 1985.

El 7 de junio de 2017, el Director Ejecutivo del Programa de Educación Jurídica Continua (PEJC), Lcdo. José I. Campos Pérez, presentó ante este Tribunal el *Informe sobre incumplimiento con requisito de educación jurídica continua* en el que nos notificó el incumplimiento de la licenciada Esteban con los requisitos reglamentarios de la educación jurídica continua para el periodo del 1 de diciembre de 2009 al 30 de noviembre de 2011. En el Informe, nos explicó que la licenciada Esteban fue debidamente notificada de tal incumplimiento, que se le brindó un término para remediar la situación y se le citó a una vista informal, pero que esta hizo caso omiso a tales requerimientos. Además, que no pagó la sanción por cumplimiento tardío. Por tales motivos, el asunto fue referido ante nos.

Por consiguiente, el 18 de septiembre de 2017, este Tribunal emitió una resolución en la cual se le concedió a la licenciada Esteban el término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía por el incumplimiento descrito y su incomparecencia a la vista ante el PEJC. Empero, esa resolución no logró ser notificada, ya que fue devuelta por el servicio de correo postal. Por tanto, la Oficina de Alguaciles de este Tribunal procedió a notificarla personalmente. Sin embargo, el diligenciamiento resultó negativo, puesto que en la

última dirección provista en el RUA, los alguaciles se toparon con un local cerrado y vacío.[1]

## II

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Vélez Rivera, res. el 8 de enero de 2018, 2018 TSPR 4; *In re* Pérez Padín, 195 DPR 575, 578 (2016). Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Vélez Rivera, supra; *In re* García-Rodríguez Pimentel, res. el 29 de junio de 2017, 2017 TSPR 128. Por tanto, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de la Oficina del Procurador General, de la Oficina de Inspección de Notarías y del PEJC. *In re* Méndez Molina, res. el 5 de enero de 2018, 2018 TSPR 3; *In re* Abendaño Ezquerro,

---

[1]Asimismo, intentaron en otra dirección que constaba en el expediente de la Lcda. Esperanza Esteban Rodríguez (licenciada Esteban), pero el diligenciamiento también resultó infructuoso.

res. el 26 de julio de 2017, 2017 TSPR 140. Ello, pues hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y apartarse de las exigencias concernientes a la educación jurídica continua. *In re* Montañez Melecio, 197 DPR 275, 282 (2017); *In re* Arroyo Acosta, 192 DPR 848, 852 (2015). La desidia y la dejadez ante los requerimientos del PEJC no sólo constituyen un gasto de recursos administrativos, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que encarna el Código de Ética Profesional. In re García-Rodríguez Pimentel, supra.

En lo referente al trámite ante el PEJC, los Reglamentos aplicables a los hechos de este caso disponían que todos los abogados activos tenían que cumplir con ciertas horas créditos como parte del programa de la educación jurídica continua. 4 LPRA Ap. XVII-D y 4 LPRA Ap. XVII-E.[2] En caso de que un abogado cumpliese tardíamente con ello, tenía que pagar una sanción de $50.00. 4 LPRA Ap. XVII-E, R. 30. Asimismo,

---

[2] Tan reciente como el 2 de junio de 2017, entró en vigor el nuevo reglamento del programa de educación jurídica continua, que consolidó y derogó los dos reglamentos anteriores. Véase, *In re* Aprobación del Reglamento del Programa de Educación Jurídica Continua, res. el 2 de junio de 2017, 2017 TSPR 91. No obstante, la Regla 41 de este nuevo reglamento establece que los procesos iniciados bajo los reglamentos anteriores continuarán vigentes, siempre y cuando, sean compatibles con este nuevo reglamento.

cuando incumpliera con el requisito sobre la educación jurídica continua, el PEJC lo citaría a una vista informal para que explicara las razones de su incumplimiento. 4 LPRA Ap. XVII-E, R. 31. De no comparecer, la Junta del PEJC referiría el asunto ante este Tribunal. 4 LPRA Ap. XVII-E, R. 32; véase, 4 LPRA Ap. XVII-D, R. 9.

De otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9(j), exige a los abogados mantener actualizados en el RUA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones. *In re* Pratts Barbarossa, res. el 11 de enero de 2018, 2018 TSPR 5; *In re* Pérez Padín, supra, pág. 579; *In re* Rivera Trani, 188 DPR 454, 460 (2013). Incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente e independiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía. *In re* Pratts Barbarossa, supra; *In re* García-Rodríguez Pimentel, supra; *In re* Pérez Padín, supra.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la abogada de epígrafe.

## III

La licenciada Esteban incumplió con los requerimientos del PEJC una vez se le solicitó cumplir

con las horas créditos adeudadas y comparecer a la vista informal a la que fue citada. Tampoco justificó su incumplimiento o incomparecencia por escrito, cuando tenía esa alternativa. Al hacer caso omiso a tales requerimientos, la licenciada Esteban demostró desinterés e irresponsabilidad sobre su obligación de acatarlos.

A ello, le sumamos que este Tribunal ha visto entorpecido su poder disciplinario sobre la licenciada Esteban, pues la información provista en el RUA sobre su dirección no está actualizada. Al intentar notificarle la resolución emitida el 18 de septiembre de 2017, advenimos en conocimiento de que el local correspondiente a la dirección provista estaba cerrado y vacío. Razón por la que no hemos podido tramitar el asunto referido por la Junta y el Director del PEJC. Nótese que esto es suficiente para imponerle sanciones disciplinarias.

Ambas situaciones, tanto el incumplimiento a los requerimientos del PEJC como no mantener actualizada la información en el RUA, violan los postulados del Canon 9 del Código de Ética Profesional, supra. Con tales actuaciones, la licenciada Esteban ha demostrado desinterés y desidia a los procesos disciplinarios. Por ello, nos vemos obligados a concluir que esta actitud es merecedora de la suspensión inmediata e indefinida de la

profesión legal, de la cual tenemos la gran responsabilidad de regular.

## IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Esperanza Esteban Rodríguez del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la Sra. Esperanza Esteban Rodríguez y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y

válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. Esperanza Esteban Rodríguez.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Esperanza Esteban Rodríguez          TS-7759

SENTENCIA

San Juan, Puerto Rico, a 28 de marzo de 2018.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a la Lcda. Esperanza Esteban Rodríguez del ejercicio de la abogacía y la notaría.

En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello

notarial de la Sra. Esperanza Esteban Rodríguez y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. Esperanza Esteban Rodríguez.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo