EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>María de los Ángeles Torres Hernández | 2018 TSPR 86<br><br>200 DPR ____ |

Número del Caso: TS-11,256


Fecha: 11 de mayo de 2018


Abogado del promovida:

    Por derecho propio


Programa de Educación Jurídica Continua:

    Lcdo. José I. Campos Pérez
    Director


Materia: La suspensión será efectiva el 15 de mayo de 2018, fecha en que se le notifico por correo a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María de los Ángeles Torres    TS-11,256
Hernández

PER CURIAM

San Juan, Puerto Rico, a 11 de mayo de 2018.

Nos vemos obligados, una vez más, a suspender a un miembro de la profesión jurídica por no cumplir con las órdenes de este Tribunal y con los requerimientos de uno de nuestros brazos operacionales y, a la vez, no mantener actualizados sus datos personales en el Registro Único de Abogados y Abogadas del Tribunal Supremo de Puerto Rico (RUA).

I

La Lcda. María de los Ángeles Torres Hernández (licenciada Torres o letrada) fue admitida a la

profesión de la abogacía el 30 de junio de 1995.[1] A inicios del año 2010, el Programa de Educación Jurídica Continua (PEJC) le envió un Aviso de Incumplimiento correspondiente al período entre el 1 de diciembre de 2007 y el 30 de noviembre de 2009. En respuesta, la licenciada Torres remitió copia de varios documentos de los cuales surgía que estaba admitida a la profesión legal en el estado de Florida y que cumplía con los cursos de educación jurídica continua de esa jurisdicción. A raíz de ello, el PEJC se comunicó vía telefónica y por correo electrónico con la licenciada Torres, a los fines de orientarla sobre el proceso que debía seguir para ser exonerada del cumplimiento por justa causa, entiéndase, por estar admitida en otra jurisdicción de los Estados Unidos en la cual se requería cumplir con educación jurídica continua.[2] Sin embargo, la licenciada Torres hizo caso omiso a tal recomendación. A tales efectos, no presentó la solicitud de relevo o exoneración, ni los documentos correspondientes y tampoco cumplió con el período señalado.

Ante el incumplimiento de la licenciada Torres, esta fue citada a una vista informal, a la cual tampoco compareció. La notificación de la vista informal fue enviada a la dirección postal que constaba en el RUA, pero

---

[1] Del expediente de la letrada se desprende que aprobó el Examen de la Reválida Notarial, pero no ha juramentado como tal.

[2] Véase, Regla 4(C)(3)(d) del Reglamento del Programa de Educación Jurídica Continua, 164 DPR 555, 558-59, 560 y 562 (2005); In re Sitiriche Torres, 192 DPR 777, 781 (2015).

fue devuelta por el servicio postal por no corresponder a la destinataria.[3] Lo mismo ocurrió con las notificaciones del Informe de la vista informal y de la determinación final, dado que ambas notificaciones fueron devueltas por el servicio postal.

Ante tal escenario, el 9 de marzo de 2017, el Director Ejecutivo del PEJC presentó ante este Tribunal el *Informe sobre incumplimiento con requisito de educación jurídica continua* en el que nos notificó el incumplimiento de la licenciada Torres con los requisitos reglamentarios de la educación jurídica continua para el periodo entre el 1 de diciembre de 2007 al 30 de noviembre de 2009. Ello, a pesar de los debidos apercibimientos y la oportunidad de una vista informal.[4]

Acorde con lo anterior, el 28 de abril de 2017, este Tribunal le concedió un término a la licenciada Torres para que compareciera y mostrara causa por la cual no debía ser suspendida de la abogacía ante sus incumplimientos con los requisitos del PEJC y no comparecer cuando le fue requerido. Ahora bien, esa resolución no logró ser notificada, puesto que fue devuelta por el servicio postal. Por tanto, quedó claro que los datos personales de la

---

[3]Tomamos conocimiento de que el PEJC procedió a enviarle una notificación electrónica, aun cuando tal dirección no constaba en el Registro Único de Abogados y Abogadas (RUA), sino que surgía de las comunicaciones anteriores. En ésta se le advirtió de su obligación de actualizar los datos en el RUA.

[4]En el Informe, el Director del PEJC informó que la licenciada Torres también ha incumplido los períodos subsiguientes, pero no ha sido citada a una vista informal.

licenciada Torres no están actualizados en el RUA y no consta algún correo electrónico o número telefónico.

**II**

En múltiples ocasiones, hemos disciplinado a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Vélez Rivera, res. el 8 de enero de 2018, 2018 TSPR 4; *In re* Pérez Padín, 195 DPR 575, 578 (2016). Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Vélez Rivera, supra; *In re* García-Rodríguez Pimentel, res. el 29 de junio de 2017, 2017 TSPR 128. Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. *In re* Méndez Molina, res. el 5 de enero de 2018, 2018 TSPR 3; *In re* Abendaño Ezquerro, res. el 26 de julio de 2017, 2017 TSPR 140. De esa forma, hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y apartarse de las exigencias concernientes a la educación jurídica continua.

*In re* Montañez Melecio, 197 DPR 275, 282 (2017); *In re* Arroyo Acosta, 192 DPR 848, 852 (2015). La desidia y la dejadez ante los requerimientos del PEJC no sólo constituyen un gasto de recursos administrativos, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que encarna el Código de Ética Profesional. *In re* García-Rodríguez Pimentel, supra.

De otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9(j), exige a los abogados mantener actualizados en el RUA sus datos personales, entre estos, la dirección seleccionada para recibir notificaciones. *In re* Pratts Barbarossa, res. el 11 de enero de 2018, 2018 TSPR 5; *In re* Pérez Padín, supra, pág. 579; *In re* Rivera Trani, 188 DPR 454, 460 (2013). Por lo cual, hemos señalado que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente e independiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía. *In re* Pratts Barbarossa, supra; *In re* García-Rodríguez Pimentel, supra; *In re* Pérez Padín, supra.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la licenciada Torres.

**III**

Surge del expediente que, ante un aviso de incumplimiento del PEJC, este último advino en conocimiento de que la licenciada Torres estaba ejerciendo la abogacía

en el estado de Florida. Por tal razón, se le informó que podía solicitar el relevo o exoneración del PEJC por justa causa. No obstante, la letrada no realizó tal solicitud, aun cuando fue instruida al respecto y tampoco cumplió con la deficiencia señalada.[5]

Es por ello, que el PEJC la citó a una vista informal para darle oportunidad a expresarse sobre su incumplimiento con la educación jurídica continua requerida. Empero, la licenciada Torres no compareció. A su vez, hubo dificultades con tal notificación y con las subsiguientes emitidas por el PEJC y por este Tribunal, ya que fueron devueltas por el servicio postal. Ello, pues la dirección postal que consta en el RUA no está actualizada.

Como mencionáramos, es obligación de todo abogado y abogada mantener al día su información en el RUA. La desidia de la licenciada Torres en no mantener actualizados sus datos en el RUA ha obstaculizado nuestra tarea de supervisión y fiscalización. Ello, pues nos hemos visto impedidos de lograr comunicación con la letrada a los fines de que cumpla con nuestras órdenes. Además, la falta de actualización en el RUA, no sólo ha entorpecido nuestra labor, sino también la del PEJC que ha confrontado problemas con las notificaciones a la licenciada Torres.

Por consiguiente, concluimos que, ante el incumplimiento a los requerimientos del PEJC y con las órdenes de este Tribunal, así como no mantener actualizada

---

[5] Véase, *In re* Sitiriche Torres, supra.

la información en el RUA, hacen que la licenciada Torres haya incurrido en violación de postulados del Canon 9 del Código de Ética Profesional, supra, y la Regla 9 de nuestro Reglamento. Con tales actuaciones, la letrada ha demostrado desinterés y dejadez hacia la profesión legal. Más aún, cuando se le orientó sobre la oportunidad de ser excusada de la educación jurídica continua e hizo caso omiso. Advertimos que, aun cuando se encuentre ejerciendo la abogacía en otra jurisdicción, al tener el estatus de abogada activa en nuestra jurisdicción, la letrada tenía el deber y la obligación de cumplir con nuestras órdenes y de mantener al día su información personal en el RUA. Por no cumplir con lo antes señalado, nos vemos obligados a suspenderla inmediata e indefinidamente de la profesión legal.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. María de los Ángeles Torres Hernández del ejercicio de la abogacía en Puerto Rico.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y

administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Sra. María de los Ángeles Torres Hernández por correo certificado con acuse de recibo a la dirección que consta en el RUA.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>María de los Ángeles<br>Torres Hernández | TS-11,256 |  |

SENTENCIA

San Juan, Puerto Rico, a 11 de mayo de 2018.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente a la Lcda. María de los Ángeles Torres Hernández del ejercicio de la abogacía en Puerto Rico.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días (30) contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Sra. María de los Ángeles Torres Hernández por correo certificado con acuse de recibo a la dirección que consta en el RUA.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo