EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2018 TSPR 87 |
|---|---|
| Lydia Pérez Lugo | 200 DPR ____ |

Número del Caso: TS-5,704

Fecha: 11 de mayo de 2018

Abogado del promovida:

      Por derecho propio

Programa de Educación Jurídica Continua:

      Lcdo. José I. Campos Pérez
      Director

Materia: La suspensión será efectiva el 15 de mayo de 2018, fecha en que se le notifico por correo a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lydia Pérez Lugo                      TS-5704

PER CURIAM

San Juan, Puerto Rico, a 11 de mayo de 2018.

Hoy, nuevamente, nos vemos forzados a ejercer nuestro poder disciplinario para suspender a un miembro de la profesión jurídica por incumplir las órdenes de este Tribunal y los requerimientos de uno de nuestros brazos operacionales, además, por no mantener actualizados sus datos personales en el Registro Único de Abogados y Abogadas del Tribunal Supremo de Puerto Rico (RUA).

I

La Lcda. Lydia Pérez Lugo (licenciada Pérez Lugo) fue admitida a la profesión de la abogacía en

el año 1977.[1]

El 7 de junio de 2017, el Director del Programa de Educación Jurídica Continua (PEJC) presentó ante este Tribunal el Informe sobre incumplimiento con requisito de educación jurídica continua en el que nos informó que la licenciada Pérez Lugo, entre otros abogados y abogadas, había incumplido con los requisitos del PEJC para el periodo entre el 1 de diciembre de 2009 al 30 de noviembre de 2011. Ello, tras emitirse un Aviso de Incumplimiento y haber sido citada a una vista informal, a la cual no compareció.[2] A su vez, nos indicó que las notificaciones enviadas por el PEJC fueron devueltas por el servicio de correo postal, al igual que las notificaciones por correo electrónico que resultaron ser direcciones no disponibles (mailbox unavailable).[3] Ante tal escenario, el 30 de noviembre de 2017, este Tribunal emitió una resolución, mediante la cual se le concedió un término a la licenciada Pérez Lugo para que compareciera y mostrara causa por la cual no debía ser suspendida de la

---

[1]La Lcda. Lydia Pérez Lugo (licenciada Pérez Lugo) juramentó como notaria el 4 de enero de 1978, pero cesó voluntariamente el 28 de junio de 1985.

[2]En su Informe, el Director del Programa de Educación Jurídica Continua (PEJC) advirtió que la licenciada Pérez Lugo también había incumplido con los periodos subsiguientes, pero que no había sido citada a una vista informal.

[3]Del expediente se desprende que la licenciada Pérez Lugo reside en el estado de Texas desde el año 1985. La dirección postal utilizada por el PEJC fue la dirección de notificación registrada en el Registro Único de Abogados y Abogadas (RUA). Además, la notificación a la vista informal se envió a las dos direcciones electrónicas incluidas en el RUA. No obstante, todos los intentos de notificación resultaron infructuosos.

abogacía ante sus incumplimientos con los requisitos del PEJC y no comparecer cuando le fue requerido. Ahora bien, esa resolución fue devuelta por el servicio de correo postal, aun cuando se le envió a las dos direcciones que constan en su RUA. Por tanto, quedó claro que los datos personales de la licenciada Pérez Lugo no están actualizados.

## II

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Vélez Rivera, res. el 8 de enero de 2018, 2018 TSPR 4; *In re* Pérez Padín, 195 DPR 575, 578 (2016). Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Vélez Rivera, supra; *In re* García-Rodríguez Pimentel, res. el 29 de junio de 2017, 2017 TSPR 128. Por tanto, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de la Oficina del Procurador General, de la Oficina de Inspección de Notarías y del PEJC. *In re* Méndez Molina, res. el 5 de enero de 2018, 2018 TSPR 3; *In re* Abendaño Ezquerro, res. el 26 de julio de 2017,

2017 TSPR 140. Ello, pues hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y apartarse de las exigencias concernientes a la educación jurídica continua. *In re* Montañez Melecio, 197 DPR 275, 282 (2017); *In re* Arroyo Acosta, 192 DPR 848, 852 (2015). La desidia y la dejadez ante los requerimientos del PEJC no sólo constituyen un gasto de recursos administrativos, sino que también reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Código de Ética Profesional. In re García-Rodríguez Pimentel, supra.

De otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9(j), exige a los abogados mantener actualizados en el RUA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones. *In re* Pratts Barbarossa, res. el 11 de enero de 2018, 2018 TSPR 5; *In re* Pérez Padín, supra, pág. 579; *In re* Rivera Trani, 188 DPR 454, 460 (2013). Incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente e independiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía. *In re* Pratts Barbarossa, supra; *In re* García-Rodríguez Pimentel, supra; *In re* Pérez Padín, supra.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la abogada de epígrafe.

**III**

La licenciada Pérez Lugo ha incumplido con varias de sus obligaciones como abogada activa en nuestra jurisdicción. De entrada, incumplió con nuestra orden de mostrar justa causa y con los requerimientos de nuestro brazo operacional, el PEJC. Ambos incumplimientos equivalen una violación al Canon 9 del Código de Ética Profesional, supra.

Por otro lado, no cumplió con su obligación de mantener sus datos personales actualizados en el RUA, lo cual ha obstaculizado nuestra labor de supervisión y fiscalización de la profesión jurídica. Ello, dado que nuestras comunicaciones escritas han sido devueltas por el servicio de correo postal. Del expediente se desprende que nuestra resolución no sólo fue enviada a la dirección postal que consta en el RUA, sino también a la dirección residencial. No obstante, ambas nos fueron devueltas.[4] La misma dificultad la confrontó el PEJC, pues sus notificaciones también fueron devueltas. De ese modo, con la falta de actualización en el RUA, la licenciada Pérez Lugo incurrió en una violación a la Regla 9 de nuestro Reglamento, supra.

A tenor con lo anterior, la licenciada Pérez Lugo ha demostrado desinterés y desidia hacia la profesión legal que con mucho ahínco regulamos. El incumplimiento a nuestras órdenes, incluidos los requerimientos de uno de nuestros brazos operacionales, está estrechamente ligado a su dejadez

_____

[4]Debemos destacar que la dirección residencial que consta en el RUA es la misma utilizada por la licenciada Pérez Lugo en un proceso disciplinario para el año 2009.

de no actualizar los datos en el RUA. Ante esta situación, nos vemos obligados a suspenderla inmediata e indefinidamente de la abogacía.

## IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Lydia Pérez Lugo del ejercicio de la abogacía en Puerto Rico.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, debe acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Sra. Lydia Pérez Lugo por correo certificado con acuse de recibo a las direcciones que constan en el RUA.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Lydia Pérez Lugo | TS-5704 |  |

SENTENCIA

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente a la Lcda. Lydia Pérez Lugo del ejercicio de la abogacía en Puerto Rico.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, debe acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Sra. Lydia Pérez Lugo por correo certificado con acuse de recibo a las direcciones que constan en el RUA.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo