EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Carlos A. Contreras Moreno | 2020 TSPR 73<br><br>204 DPR _____ |

Número del Caso:  TS-10,663

Fecha:  27 de julio de 2020

Abogada de la parte peticionaria:

     Lcda. Graciela Vázquez Lagomarsini

Programa de Educación Jurídica Continua:

     Lcda. María Cecilia Molinelli González

Materia:  La suspensión será efectiva el 28 de julio de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re* | | Núm. TS-10,663 | |
|---|---|---|---|
| Carlos A. Contreras Moreno | | | |

*PER CURIAM*

San Juan, Puerto Rico, a 27 de julio de 2020

En esta ocasión, nos corresponde ejercer nuestra jurisdicción disciplinaria para ordenar la suspensión inmediata e indefinida de la práctica de la abogacía de un integrante de la profesión legal debido a su incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y con las órdenes de este Tribunal.

**I.**

El Lcdo. Carlos A. Contreras Moreno fue admitido al ejercicio de la profesión legal el 3 de enero de 1994 y al ejercicio de la notaría el 31 de mayo de 1994. El 21 de septiembre de 2016, el PEJC le notificó un *Aviso de Incumplimiento* al licenciado Contreras Moreno. Por vía de la referida comunicación, se le informó al letrado su incumplimiento con el total de créditos requeridos para el periodo comprendido entre el 1 de julio de 2013 y el 30 de junio de 2016. Además, se le concedió un término de treinta (30) días para comparecer y exponer las razones para su incumplimiento, así como un término concurrente de sesenta (60) días para completar las horas crédito adeudadas y efectuar el pago de la multa impuesta por concepto de cumplimiento tardío.

Ante la inobservancia con lo anterior, el 12 de abril de 2019, la Directora Ejecutiva del PEJC presentó ante este Tribunal un *Informe sobre Incumplimiento con el Requisito de Educación Jurídica Continua* (Informe). Mediante éste, el PEJC refirió ante nuestra atención al licenciado Contreras Moreno, pues éste figuraba entre los profesionales del Derecho que habían incumplido con la totalidad de créditos requeridos durante el periodo del 1 de julio de 2013 al 30 de junio de 2016. De otro lado, el precitado informe detalló las gestiones realizadas por el PEJC para incentivar a los letrados a subsanar su incumplimiento, así como la desatención exhibida por éstos.

Tras evaluar el Informe presentado por el PEJC, este Foro -mediante *Resolución* notificada el 31 de mayo de 2019- le concedió un término de veinte (20) días al licenciado Contreras Moreno para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión por incumplir e ignorar los requerimientos del PEJC. Posteriormente, el 14 de agosto de 2019, este Tribunal le otorgó un término final de diez (10) días al letrado para que explicara las razones por las cuales no debía ser suspendido de la profesión legal por desatender los requisitos de educación jurídica continua. Asimismo, se le apercibió al licenciado Contreras Moreno que su incumplimiento con lo ordenado por este Foro podría conllevar sanciones severas, entre éstas, la suspensión del ejercicio de la abogacía.

Entretanto, la fecha de vencimiento para satisfacer los requisitos del PEJC para el periodo comprendido entre los años 2016 a 2019 arribó sin que el licenciado Contreras Moreno cumpliera con los mismos. En atención a ello, el 19 de septiembre de 2019, el PEJC notificó un segundo *Aviso de Incumplimiento*. Una vez más, se le concedió un término de treinta (30) días al letrado para comparecer y exponer las razones para su incumplimiento, así como sesenta (60) días para cumplir y efectuar el pago de la multa impuesta.

Así las cosas, el 19 de noviembre de 2019, la representación legal del licenciado Contreras Moreno cursó una misiva a la Directora del PEJC. En ésta, indicó que el letrado había recibido recientemente comunicación con relación al incumplimiento con los créditos de educación jurídica continua, por lo que solicitó un término adicional de treinta (30) días para realizar el pago de la multa por cumplimiento tardío. Igualmente, peticionó un término de sesenta (60) días para completar el proceso de inactivación del licenciado, pues alegadamente éste llevaba desde el año 2002 sin ejercer la profesión legal.[1]

El 26 de noviembre de 2019, la Directora Ejecutiva del PEJC respondió a dicha comunicación. En esencia, hizo un

---

[1] Señaló, además, que el licenciado Contreras Moreno se encontraba diligenciando la cesación voluntaria de su notaría. Según surge del expediente, el 30 de julio de 2019, el letrado solicitó, vía correo electrónico, al Director de la Oficina de Inspección de Notarías (ODIN) autorización para trasladar su obra notarial. Dicha solicitud fue concedida y notificada el 5 de agosto de 2019 mediante correo electrónico.

recuento de los requerimientos cursados al licenciado Contreras Moreno y le comunicó que, dado que su incumplimiento con los requisitos del periodo 2013-2016 había sido referido ante la consideración de este Foro, lo adecuado era que presentara sus planteamientos, así como la solicitud de prórroga, ante este Tribunal. Del mismo modo, puntualizó que el licenciado podía solicitar el cambio de estatus de abogado inactivo ante la Secretaría de este Tribunal, independientemente de su estatus ante el PEJC.

En consecuencia, el 3 de diciembre de 2019, el licenciado Contreras Moreno compareció por primera vez ante este Tribunal mediante una *Moción en cumplimiento de orden y en solicitud de prórroga*. En ésta, el licenciado Contreras Moreno indicó que fue notificado de las múltiples resoluciones emitidas por este Foro a través de sus comunicaciones directas con el PEJC. Reseñó que, según los apéndices incluidos en la mencionada correspondencia, las resoluciones fueron notificadas a un correo electrónico que se encontraba en desuso.

El licenciado Contreras Moreno expresó que, si bien había mantenido comunicaciones con la ODIN vía su correo electrónico actual, no modificó el correo electrónico en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) por error e inadvertencia. No obstante, éste resaltó que ya había realizado la actualización correspondiente. Además, el licenciado Contreras Moreno destacó que se encontraba llevando a cabo los trámites de rigor para cesar su notaría

y cambiar su estatus a abogado inactivo. En adición, manifestó sus disculpas por incumplir con su deber de acatar las órdenes de este Tribunal. Así, el licenciado solicitó una prórroga de sesenta (60) días para pagar las multas impuestas, completar el proceso de cesación de notaría y realizar el cambio de estatus.

El 20 de diciembre de 2019, este Tribunal emitió una *Resolución* por medio de la cual se dio por enterado de la moción presentada por el licenciado Contreras Moreno. Evaluada la moción, se le concedió, entonces, un término de sesenta (60) días al licenciado para que cumpliera con todos los requisitos del PEJC o, en la alternativa, presentara la correspondiente solicitud de cambio a estatus de abogado(a) inactivo(a) en el RUA. Por último, se le apercibió al licenciado Contreras Moreno de que su incumplimiento con lo decretado podría acarrear su suspensión del ejercicio de la abogacía por incumplimiento con los requisitos de educación jurídica continua.

Transcurrido el plazo otorgado al licenciado Contreras Moreno sin que éste compareciera y mostrara haber cumplido con lo requerido por el PEJC y por este Tribunal, el 12 de marzo de 2020, el PEJC emitió una *Certificación*. Mediante ésta, nos acreditó que el letrado continuaba en incumplimiento con las horas crédito adeudadas y tenía pendiente el pago de las multas impuestas.

## II.

Es deber de todo abogado y abogada admitido a ejercer en nuestra jurisdicción desplegar la "mayor y más excelsa competencia, responsabilidad e integridad" al descargar sus funciones como jurista. Es por ello que obrar en contrario resulta incompatible con el ejercicio de la abogacía y la notaría. Preámbulo, 4 LPRA Ap. IX. Para asegurar el cumplimiento con dicho llamado, este Tribunal ha impuesto a los letrados la encomiable obligación de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2.

Es precisamente con ese propósito que adoptamos el *Reglamento de Educación Jurídica Continua* y el *Reglamento del Programa de Educación Jurídica Continua*.[2] La observancia de la normativa dispuesta en estos reglamentos exige que los miembros activos de la clase togada cumplan con veinticuatro (24) horas crédito en cursos de educación jurídica continua. Ello pretende garantizar que los servicios legales ofrecidos por los miembros de esta profesión gocen de los más altos niveles de calidad y competencia. *In re González Borgos*, 192 DPR 926 (2015). Además, se establecen los procedimientos para certificar el

---

[2] Este Tribunal adoptó un nuevo reglamento que incorporó las disposiciones del Reglamento de Educación Jurídica Continua de 1998 y del Reglamento del Programa de Educación Jurídica Continua de 2005, según enmendados. Véase *In re Aprobación del Reglamento PEJC*, 198 DPR 254 (2017).

cumplimiento con las horas crédito y revisar los avisos de incumplimiento. La dejadez al responder con dicho requerimiento es en extremo incompatible con el ejercicio de la abogacía.

Asimismo, el Canon 9 del Código de Ética Profesional requiere que la conducta de todo profesional del Derecho hacia los tribunales se caracterice por el mayor respeto. 4 LPRA Ap. IX, C. 9. Desatender los requerimientos de este Tribunal y de sus organismos operacionales constituye una afrenta a nuestro poder inherente de regular el ejercicio de la profesión legal. Ello, además, supone una crasa violación al precitado canon y resulta suficiente para imponer sanciones disciplinarias severas, entre éstas, la separación indefinida de la profesión. *In re Chévere Mouriño*, 2020 TSPR 20; *In re Acarón Montalvo*, 2019 TSPR 235; *In re Pérez Lugo*, 2018 TSPR 87; *In re López Pérez*, 201 DPR 123, 126 (2018).

Resulta pertinente, para la correcta disposición del asunto que nos ocupa, destacar que la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, impone la obligación a los miembros de la profesión legal de mantener sus datos actualizados en el RUA. Esto, en aras de garantizar que los miembros de la profesión legal atiendan con la premura requerida las comunicaciones de este Foro y de sus brazos operacionales. *In re Cepero Rivera et al.*, 193 DPR 1021 (2015). Incumplir con esa obligación atenta contra el ejercicio de nuestra autoridad disciplinaria, por

lo que ha sido motivo para imponer sanciones disciplinarias, entre éstas, decretar la separación inmediata e indefinida del ejercicio de la abogacía. *In re Padial Santiago*, 2019 TSPR 221; *In re Arroyo Rosado*, 1991 DPR 242 (2014).

## III.

Según surge del trámite fáctico previamente expuesto, el licenciado Contreras Moreno incumplió con los requisitos del PEJC para los periodos que comprenden del 1 de julio de 2013 al 30 de junio de 2016, y del 1 de julio de 2016 al 30 de junio de 2019. Éste tampoco saldó las cuantías adeudadas por concepto de multas ni compareció ante el PEJC luego de los múltiples requerimientos que le fueron cursados. De igual modo, el letrado faltó a su deber de actualizar los datos en el RUA. Ninguno de los planteamientos esbozados por el licenciado Contreras Moreno lo exonera de cumplir con los requerimientos del PEJC ni con las órdenes de este Tribunal.

Así, no es posible que un integrante de la profesión jurídica se desprenda de las responsabilidades y obligaciones que conlleva ser parte de este gremio meramente por no estar fungiendo como abogado. Menos convincente resulta este argumento cuando tomamos en cuenta que, según se desprende de la *Certificación* emitida por el PEJC el 12 de marzo de 2020, el licenciado Contreras Moreno cumplió con los requisitos de educación jurídica continua para los periodos comprendidos entre julio 2007 y junio 2013. Es decir, si bien es posible que éste no estuviera laborando

como abogado desde el año 2002, el letrado sí reconocía su deber ineludible de cumplir con los requisitos del PEJC y obraba acorde.

Del mismo modo, las intenciones del licenciado Contreras Moreno de inactivarse como abogado no funcionan como un subterfugio para que éste incumpliese con los requerimientos de este Tribunal, y sus dependencias operacionales, a los cuales están sujetos todos los miembros de esta profesión. Ello, especialmente, cuando se dispone de un procedimiento específico para quienes deseen culminar su gestión como profesionales del Derecho, el cual fue igualmente relegado por el letrado de epígrafe.

Conviene resaltar, de igual modo, que el último requerimiento de este Tribunal que fue ignorado por el licenciado Contreras Moreno le concedía a éste precisamente lo que había solicitado en su única comparecencia ante nos: un término razonable para que pudiera cumplir con sus deberes como abogado o, en la alternativa, concretara el proceso para inactivarse como miembro de la profesión legal. El licenciado Contreras Moreno no realizó gestión alguna.

Consideradas las circunstancias particulares aquí esbozadas, resultan evidentes la desidia, dejadez y el menosprecio hacia la autoridad de este Tribunal manifestados por el licenciado Contreras Moreno.

## IV.

Por todo lo anterior, decretamos la suspensión inmediata e indefinida del licenciado Contreras Moreno de

la práctica de la abogacía y la notaría. Se le notifica al señor Contreras Moreno que su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados durante el periodo en que estuvo vigente.

En caso de se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Secretario de este Tribunal coordinará con la Oficina del Alguacil para la incautación de la obra y el sello notarial del abogado de epígrafe a la mayor brevedad posible, para poder dar inicio al trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). El recibo de la notificación será confirmado por la vía telefónica.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* | |
| Carlos A. Contreras Moreno | **Núm.** TS-10,663 |

SENTENCIA

San Juan, Puerto Rico 27 de julio de 2020

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se decreta la suspensión inmediata e indefinida del Lcdo. Carlos A. Contreras Moreno del ejercicio de la abogacía y la notaría en Puerto Rico. Como consecuencia, su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados durante el periodo en que estuvo vigente.

En caso de se encuentre representando clientes ante nuestros tribunales en la actualidad, el señor Contreras Moreno deberá notificarles a éstos de su inhabilidad para continuar representándolos, devolver los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal, dentro de un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimiento con lo anterior.

El Secretario de este Tribunal coordinará con la Oficina del Alguacil para la incautación de la obra y el sello notarial del abogado de epígrafe a la mayor brevedad posible, para poder dar inicio al trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) al señor Contreras Moreno. El recibo de la notificación será confirmado por la vía telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo