EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Frank M. Rosa Rivera | 2020 TSPR 132<br><br>205 DPR _____ |

Número del Caso: TS-18,970

Fecha: 28 de octubre de 2020

Oficina de Inspección de Notarías:

     Lcdo. Manuel E. Ávila De Jesús
     Director

     Lcda. Nilda Emmanuelli Muñiz
     Directora Interina

Materia: La suspensión de la notaría será efectiva el 29 de octubre de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re* | **Núm.** <u>TS-18970</u> | |
| Frank M. Rosa Rivera | | |

*PER CURIAM*

San Juan, Puerto Rico, a 28 de octubre de 2020.

Nuevamente, nos corresponde ejercer nuestra jurisdicción disciplinaria sobre un integrante de la profesión legal por su incumplimiento con los requerimientos de la Oficina de Inspección de Notarías y con las órdenes de este Tribunal relacionadas con su función notarial.

**I.**

El Lcdo. Frank M. Rosa Rivera fue admitido al ejercicio de la abogacía el 21 de agosto de 2012 y al ejercicio de la notaría el 19 de abril de 2013.

El 7 de agosto de 2020, la Oficina de Inspección de Notarías (en adelante, ODIN) compareció ante este Tribunal mediante un *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios*. En éste nos relató que el 20 de abril de 2018, se le notificó al licenciado Rosa Rivera sobre el proceso de inspección de su obra protocolar formada durante los años naturales 2013 al 2017, la cual sería realizada por el inspector de protocolos y notarías, el Lcdo. Elías Rivera Fernández (en adelante, inspector o inspector de

protocolos). A esos efectos, la ODIN detalló que el examen de la obra notarial inició el 11 de junio de 2018, y al día siguiente, el inspector le notificó al licenciado Rosa Rivera un *Informe Preliminar de Señalamientos* mediante correo electrónico.

Así las cosas, la ODIN informó que -producto de la inspección realizada- el 20 de agosto de 2018, se le remitió al licenciado Rosa Rivera mediante correo electrónico una certificación suscrita por la Subjefa del Registro General de Competencias Notariales, la Lcda. Danira Muñiz Flores. En ésta, se le notificó al letrado que adeudaba los Índices de Actividad Notarial correspondientes a los meses de febrero de 2017 a julio de 2018, lo que retrasaba el proceso de examen de su obra protocolar. Por esta razón, se le concedió un término de diez (10) días para que presentara los mismos.

No obstante lo anterior, la ODIN detalló que no fue hasta el 10 de febrero de 2019, luego de transcurrido un término de casi seis (6) meses, que el licenciado Rosa Rivera entregó veintidós (22) Índices de Actividad Notarial, los cuales correspondían a los meses de febrero de 2017 a diciembre de 2018. Además, detalló que el 12 de febrero de 2019, el letrado le cursó al Director de la ODIN una carta en la cual se excusaba por la radicación tardía de éstos, así como por la falta de cooperación en cuanto al proceso de subsanación de su obra protocolar. Asimismo, solicitó que se le brindara una oportunidad para atender todos los señalamientos notificados respecto a su obra para

así evitar que el asunto fuera referido a este Foro. De esta manera, expresó que se comprometía a cumplir con todos sus deberes y obligaciones relacionados con su función notarial.

La ODIN expresó en su escrito que, gracias a la cooperación del letrado, el 11 de junio de 2019 se logró aprobar la obra protocolar formada durante los años 2013, 2014, 2015 y 2017, así como su Libro de Registro de Testimonios. No obstante, detalló que el tomo de Protocolo correspondiente al año 2016 no pudo ser aprobado por subsistir una serie de deficiencias sustantivas en dos Poderes Duraderos autorizados. Por tal razón, expresó que, el 13 de noviembre de 2019, el inspector de protocolos remitió una comunicación electrónica al licenciado Rosa Rivera concediéndole un término final de treinta (30) días para finiquitar los trámites ante la ODIN conducentes a aprobar dicho Protocolo, so pena de que tuviera que someterse el asunto ante el Director de la ODIN. Sin embargo, el término transcurrió sin que el letrado compareciera.[1]

Así las cosas, la ODIN señaló que el 23 de enero de 2020, el inspector de protocolos sometió el *Informe del*

---

[1] El 10 de julio de 2019, el Director de la ODIN emitió una *Resolución* mediante la cual expuso que el letrado, en su escueta comunicación del 12 de febrero de 2019, no explicó la razón para su incumplimiento con la entrega oportuna de los Informes Notariales. A pesar de que procedió a atender el asunto por la vía administrativa, en la *Resolución* advirtió que, de encontrarse nuevamente en incumplimiento con la radicación de sus Informes Notariales -a saber, Índices de Actividad Notarial Mensual al igual que los Informes de Actividad Notarial Anual- se procedería a notificar a este Tribunal de forma automática.

*Lcdo. Frank M. Rosa Rivera, TS-18,970, a tenor con la Regla 77(k) del Reglamento Notarial* en el cual constató que el notario aún no había cooperado con el proceso de subsanación, lo que impedía la aprobación de su obra protocolar para el año natural 2016. Debido a lo anterior, el 14 de febrero de 2020, el Director de la ODIN envió dicho informe al licenciado Rosa Rivera tanto mediante correo electrónico, como por correo regular a la dirección que obraba en el Registro Único de Abogados y Abogadas. En dicha comunicación, se le requirió al letrado que expresara su posición respecto al informe presentado en un término de quince (15) días, así como cualquier objeción al mismo. De igual manera, en similar término, debía acreditar la subsanación de la obra protocolar pendiente de aprobación y exponer las razones por las cuales había hecho caso omiso a las comunicaciones cursadas por el inspector de protocolos. También, se le apercibió que -de incumplir con lo anterior- se elevaría el asunto ante este Tribunal.

A pesar de lo anterior, la ODIN detalló que el letrado no respondió a la comunicación cursada e incumplió con el término concedido, así como con la segunda oportunidad que se le confirió el 16 de julio de 2020. Por tal razón, y luego de culminado el recuento fáctico que antecede, la ODIN solicitó que le concediéramos un término final e improrrogable de treinta (30) días al licenciado Rosa Rivera para que culminara el procedimiento de subsanación de las deficiencias que impedían la aprobación de su obra protocolar para el año natural 2016, y para que presentara

los Informes de Actividad Notarial adeudados.[2] Además, solicitó que se le concediera al letrado igual término para que éste expusiera las razones por las cuales no debía decretarse su suspensión inmediata e indefinida del ejercicio de la notaría.

El 9 de septiembre de 2020, notificamos una *Resolución* mediante la cual le concedimos al licenciado Rosa Rivera un término final e improrrogable de treinta (30) días para que (1) subsanara las deficiencias señaladas en su obra protocolar del año 2016, (2) presentara los Informes de Actividad Notarial adeudados, y (3) mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría.

Transcurrido el término concedido, al día de hoy, el letrado no se ha presentado ante la ODIN para subsanar las deficiencias señaladas, aún no ha sometido los Índices de Actividad Notarial Mensual adeudados, y tampoco compareció ante este Tribunal para cumplir con lo ordenado.[3]

## II.

Todo abogado admitido a ejercer la profesión legal en Puerto Rico tiene el deber de llevar a cabo sus funciones

---

[2] La ODIN detalló que -hasta ese momento- el letrado adeudaba los Índices de Actividad Notarial Mensual correspondientes a los meses de febrero, marzo, abril, mayo, junio y julio de 2020.

[3] El 15 de octubre de 2020, la ODIN compareció mediante *Moción reiterando incumplimiento de orden y en solicitud de remedios*. Nos informó que, vencido el término concedido, las deficiencias sustantivas del Protocolo para el año 2016 del licenciado Rosa Rivera permanecen sin ser atendidas. Asimismo, éste tampoco ha presentado los Índices de Actividad Notarial Mensual de febrero a septiembre del presente año.

como abogado y como notario de manera responsable, competente y diligente.

Este Tribunal ha señalado en reiteradas ocasiones que todo letrado que ejerce la notaría en nuestra jurisdicción no puede asumir una actitud pasiva ante señalamientos realizados por la ODIN respecto a deficiencias en su obra notarial. *In re Ortiz López*, 201 DPR 720, 725-26 (2019). Éste no puede esperar a que las deficiencias señaladas en su obra sean traídas a la atención de este Tribunal para proceder a corregirlas. *Id*. Debido a la importante función que ejercen, la labor de los notarios requiere que, una vez se notifiquen faltas en su obra notarial, éstos empleen todos los esfuerzos necesarios para proceder con su subsanación. *In re Vázquez González*, 194 DPR 688, 695 (2016). Es imperativo que todo notario cumpla de forma diligente y oportuna con esta exigencia, pues lo contrario refleja una patente falta de interés y compromiso con el ejercicio de la profesión.

De otra parte, el Artículo 12 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 LPRA sec. 2023, le impone a todos los miembros de la profesión legal admitidos al ejercicio de la notaría la obligación de remitir mensualmente a la ODIN un índice que contenga sus actividades notariales no más tarde del décimo día del mes siguiente al informado. Los índices mensuales de actividad notarial garantizan la certeza de los documentos en que intervienen los notarios y evitan el riesgo de manipulación y fraude. Incumplir con esta obligación impuesta por ley

"es una falta grave a los deberes que le impone la investidura de la fe pública notarial al notario, y por ello tal conducta merece severas sanciones disciplinarias". *In re Miranda Casasnovas*, 175 DPR 774, 778 (2009).

Por otro lado, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que todo abogado "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Por esta razón, hemos advertido que el ejercicio de la profesión legal requiere que todo letrado observe rigurosamente las órdenes de este Tribunal. *In re Pérez Román*, 191 DPR 186, 188 (2014). Todo miembro de la profesión legal en Puerto Rico tiene un deber ineludible de respetar, acatar y responder diligentemente nuestras órdenes, pues desatender las mismas constituye un serio desafío a nuestra autoridad e infringe las disposiciones del precitado Canon. *In re Molinary Machado*, 2019 TSPR 142. No obstante, hemos pautado que este deber no se limita a los requerimientos emitidos por este Foro, sino que se hace extensivo a los requerimientos de nuestros brazos operacionales. *In re Pérez Lugo*, 2018 TSPR 87. En ese sentido, el incumplimiento con las órdenes de este Tribunal, así como los requerimientos que emitan sus dependencias, constituye razón suficiente para imponer sanciones disciplinarias severas. *In re Torres Viera*, 179 DPR 868, 871 (2010).

Con estos preceptos en mente, procedemos a evaluar la conducta del licenciado Rosa Rivera.

**III.**

Como se desprende del recuento fáctico que antecede, el licenciado Rosa Rivera hizo caso omiso en reiteradas ocasiones a las diversas oportunidades concedidas por el inspector de protocolos y la ODIN para subsanar las deficiencias sustantivas que hasta el día de hoy impiden la aprobación de su obra protocolar para el año natural de 2016. Asimismo, aún adeuda los Índices de Actividad Notarial Mensual hasta el mes de septiembre del presente año. Ello, aún luego de expresar que se comprometía a cumplir con sus deberes y obligaciones relacionadas a su función como notario.

Por otro lado, le concedimos un término para que el letrado cumpliera con todo lo anterior, así como para que compareciera y explicara las razones por las cuales no debía ser suspendido de la notaría. No obstante -y como si no fuera poco- éste desaprovechó la oportunidad otorgada y a su vez incumplió con las órdenes de este Tribunal. La actitud contumaz del licenciado Rosa Rivera refleja desinterés y falta de compromiso. Por tal razón, procede su suspensión inmediata e indefinida del ejercicio de la notaría.

## IV.

Por todo lo anterior, decretamos la suspensión inmediata e indefinida del licenciado Rosa Rivera de la práctica de la notaría. El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial del abogado de epígrafe para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías. Además,

se le notifica al letrado que su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados durante el periodo en que estuvo vigente.

Se le ordena al licenciado Rosa Rivera que, en un término de sesenta (60) días, proceda a subsanar a sus expensas las deficiencias señaladas en su obra protocolar. Igualmente, se le ordena a que, sin dilación alguna, proceda con la radicación de los Índices de Actividad Notarial Mensual adeudados. Apercibimos al licenciado Rivera Rosa que el incumplimiento con lo aquí dispuesto podría acarrear sanciones severas, incluyendo su suspensión del ejercicio de la abogacía. En adición, podría conllevar que el asunto sea referido al correspondiente procedimiento de desacato.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico al licenciado Rosa Rivera. El recibo de la notificación será confirmado por la vía telefónica.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re* | **Núm.** <u>TS-18970</u> | |
| Frank M. Rosa Rivera | | |

SENTENCIA

San Juan, Puerto Rico, a 28 de octubre de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se decreta la suspensión inmediata e indefinida del Lcdo. Frank M. Rosa Rivera del ejercicio de Notaría en Puerto Rico. El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial del abogado de epígrafe para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías. Además, se le notifica al letrado que su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados durante el periodo en que estuvo vigente.

Se le ordena al licenciado Rosa Rivera que, en un término de sesenta (60) días, proceda a subsanar a sus expensas las deficiencias señaladas en su obra protocolar. Igualmente, se le ordena a que, sin dilación alguna, proceda con la radicación de los Índices de Actividad Notarial Mensual adeudados. Apercibimos al licenciado Rivera Rosa que el incumplimiento con lo aquí dispuesto podría acarrear sanciones severas, incluyendo su suspensión del ejercicio de la abogacía. En adición, podría conllevar que el asunto sea referido al correspondiente procedimiento de desacato.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico al licenciado Rosa Rivera. El recibo de la notificación será confirmado por la vía telefónica.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.

María I. Colón Falcón
Secretaria del Tribunal Supremo Interina